RADIO NEWS ASS'N, Inc., v. EAGLE BROADCASTING CO.

No. 10767.

Court of Civil Appeals of Texas. San Antonio.

Nov. 6, 1940.

Rehearing Denied Nov. 27, 1940.

R. A. Dunkelberg, of Brownsville, for plaintiff in error.

E. T. Yates, of Brownsville, for defendant in error.

NORVELL, Justice.

This case is before us upon writ of error. The parties will, for convenience, be designated as appellant and appellee.

Appellant, Radio News Association, Inc., brought suit against appellee, Eagle Broadcasting Company, for a balance of $654.93 due under a written contract. Appellant pleaded the contract which, among other things, provided that:

"(1) RNA (Radio News Association) shall sell and deliver, and Broadcaster shall

buy and accept the privileges of broadcasting from the radio broadcasting station KGFI (which Broadcaster warrants to be owned or controlled by him) the regular news service prepared and transmitted to Broadcaster by RNA.

"(2) The regular news service under this contract shall consist of RNA newscasts transmitted six days a week (excluding Sundays) by short wave Telegraphy. * *

"(13) RNA does not guarantee that messages sent over short-wave transmitters shall be received by Broadcaster, whether by reason of atmospheric conditions, governmental interference by reason of the existence of a local, state or national emergency, or for any other reason. RNA undertakes to use diligent efforts to secure adequate transmission facilities and suitable radio frequencies."

Appellee filed a general denial and the case was tried to a jury. The trial court overruled appellant's motion for an instructed verdict and submitted one issue to the jury, as follows: "Do you find from a preponderance of the evidence that the facilities employed by plaintiff during the period in question were adequate for the transmission to Corpus Christi, Texas, of the news service in question? Answer 'Yes' or 'No'."

The jury answered this question in the negative and judgment was entered that appellant take nothing.

■ The trial court erred in not granting appellant's motion for a peremptory instruction. Appellee was liable on the contract unless appellant had breached the same. The contract expressly provided that appellant did not guarantee that its messages would be received by the appellee. It was only bound to "use diligent efforts to secure adequate transmission facilities and suitable radio frequencies." One witness testified that the Corpus Christi Radio Station after trying two or three standard receivers was unable to pick up appellant's short-wave broadcasts, except intermittently. This is all the testimony in the record upon the point of the inadequacy of appellant's transmitting facilities. Appellant did not obligate itself to secure adequate facilities in all events, but only to use diligent efforts in that regard. To hold that the mere fact that appellee received appellant's broadcasts only at intervals, shows a failure of appellant to use due diligence in securing transmission facilities, would do violence to the

wording of the contract and burden appellant with a liability which it expressly contracted against. It may be that appellee has suffered a hardship because of the wording of this particular contract, but there is no plea for cancellation, reformation or failure of consideration in the case. It is therefore our plain duty to enforce the contract as written. Winningham v. Dyo, Tex.Com.App., 48 S.W.2d 600.

The judgment of the trial court is reversed, and judgment here rendered for appellant for the sum of $654.93, with interest thereon from January 1, 1937, at the rate of 6 per cent per annum.

Reversed and rendered.